NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2219
_____

UNITED STATES OF AMERICA

v.

CHARLES EVERITT KING,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 5-09-cr-00211-001)
District Judge: Honorable James Knoll Gardner

_____

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2012

Before:  RENDELL, FUENTES and HARDIMAN, Circuit Judges

(Opinion Filed: June 13, 2012)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Defendant Charles Everitt King was convicted, after a jury trial, of armed bank

robbery under 18 U.S.C. § 2113(d) and using and carrying a firearm during and in

relation to a crime of violence under 18 U.S.C. § 924(c). He was sentenced to 384 months in prison, and now appeals. We will affirm.[1]

## I.

This case arises out of the armed robbery of an M&T Bank branch in Lancaster, Pennsylvania. On July 26, 2008, a white male robber approached the teller station at the branch, pulled a gun from his waistband, and pointed it at the teller. The robber said, "I guess you know what this is," threw the teller a canvas bag, and told her to "fill it up." He ordered the teller to put the money from two different drawers into the bag; the teller did so, including a dye pack and "bait money," which consisted of bills with prerecorded serial numbers, along with other cash. After ordering three bank employees to kneel down in the lobby area, the robber fled the bank on foot. As he walked across the street, the bank teller saw a puff of red smoke coming from the canvas bag, indicating that the dye pack had exploded. The total amount stolen was later determined to be $20,219.

King came to the authorities' attention after purchasing money orders with dye-stained cash and with bills containing serial numbers matching the M&T Bank bait money from a Wal-Mart and a Turkey Hill convenience store in Lancaster. After an

---

[1] King's court-appointed trial attorney filed a brief under *Anders v. California*, 386 U.S. 738 (1967), identifying the sufficiency of the evidence supporting the robbery conviction as a possible issue for appeal, but concluding that raising that issue would be frivolous. King then filed a *pro se* brief challenging the sufficiency of the evidence and asserting prosecutorial misconduct in securing the indictment against him, several instances of judicial misconduct, and ineffective assistance of counsel. We appointed new counsel, who filed a supplemental brief that raised only the jury-instruction issue discussed below. Consistent with our recent decision in *United States v. Turner*, 677 F.3d 570, 578-79 (3d Cir. 2012), we will not consider the arguments raised in King's *pro se* brief.

investigation, he was arrested and charged with the robbery and with carrying a firearm during a crime of violence.

King was tried before a jury in September 2009. King testified, and also called his friend Deirdre Baker as an alibi witness. The jury convicted King on both counts.

**II.**

On appeal, King argues that the District Court improperly singled out his trial testimony when it instructed the jury that:

> A defendant cannot be compelled to take the witness stand and testify. Whether or not he testifies is a matter of his own choosing. If he does choose to testify he is a competent witness. In that event, he is subject to cross-examination as you have observed, and his credibility is for you, the jury, to determine in the same manner as in that of other witnesses. Obviously, a defendant has a significant personal interest in the result of this prosecution. This interest gives the defendant a strong motive to protect himself. In appraising his credibility you may take that fact into account. However, I want to say this with equal force to you, it is my no means — by no means follows that simply because a person has a vital interest in the trial's result that he is not capable of telling a truthful and straightforward story. It is for you to decide to what extent, if at all, a defendant's interest has affected or colored his testimony.

Because King did not object in the District Court, we review this instruction for plain error. *United States v. Santos*, 932 F.2d 244, 251 (3d Cir. 1991).

We do not endorse the District Court's instruction. It was considerably longer and more detailed than the relevant Third Circuit Model Jury Instruction, which states:

> In a criminal case, the defendant has a constitutional right not to testify. However, if *(he)(she)* chooses to testify, *(he)(she)* is, of course, permitted to take the witness stand on *(his)(her)* own behalf. In this case, *(name of defendant)* testified. You

3

should examine and evaluate *(his)(her)* testimony just as you would the testimony of any witness.

Third Circuit Model Crim. Jury Instructions 4.28. We find the District Court's more extensive comments on King's testimony inadvisable and unnecessary; sticking to the Model Instruction would have been the better course.

But we cannot conclude that the District Court's instruction amounts to reversible error. Binding Supreme Court precedent has specifically approved jury instructions that refer to a defendant's "deep personal interest" in a criminal case against him and noted that the jury may consider that interest in determining whether the defendant's testimony is credible. *See Reagan v. United States*, 157 U.S. 301, 304-05 (1895). That is all the District Court said in this case.

We are mindful of, and agree with, the Second Circuit Court of Appeals' conclusion that "it is error to instruct the jury that a defendant's interest in the outcome of the case creates a motive to testify falsely." *United States v. Brutus*, 505 F.3d 80, 87 (2d Cir. 2007). The instruction in this case came fairly close to the line. But King failed to object to this instruction at trial, and given our Court's lack of precedent on point, we cannot say that the District Court's instructions constituted plain error.

Finally, we note that the other Courts of Appeals that have expressed concern about self-interest instructions that single out a criminal defendant's testimony have not reversed the defendants' judgments on that basis. *See United States v. Bear Killer*, 534 F.2d 1253, 1260 (8th Cir. 1976) (concluding that district court erred in giving self-interest instruction because the "testimony of the accused should not be 'singled out' in the

4

court's charge," but that the error "did not substantially influence the judgment of conviction"); *United States v. Saletko*, 452 F.2d 193, 197-98 (7th Cir. 1971) (describing instructions in which the defendant is "not singled out, but rather included in the general instructions on witness credibility" as "a sounder procedure," but affirming district court's self-interest instruction under *Reagan*).  Similarly, here, even if we were to conclude that the District Court erred, we nevertheless would affirm his conviction because any error was not plain in light of *Reagan*.

## III.

Accordingly, we will affirm the judgment of the District Court.